UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONALD W. KNOKE, JR.,

        Petitioner,         2:12-cv-01883-AA

    v.                         ORDER

STATE OF OREGON,

        Defendant.

AIKEN, District Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his conviction for Assault in the Second Degree. Following a jury trial, petitioner was sentenced to 120 months of imprisonment. Exhibit 101.

    Petitioner appealed his convictions and the Oregon Court of Appeals vacated petitioner's sentence and remanded for re-sentencing but otherwise affirmed. The state sought review by

1 - ORDER

the Oregon Supreme Court, which was allowed. The Oregon Supreme Court vacated the decision of the Court of Appeals and remanded to the Court of Appeals for reconsideration. On remand, the Court of Appeals issued a written opinion affirming the trial court judgment in its entirety. The Oregon Supreme Court denied petitioner's petition for review. Exhibits 104 - 117.

Petitioner filed a petition for post conviction relief, but the Malheur County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 135 - 139.

Petitioner's petition in this proceeding alleges seven grounds for relief, many of which have multiple sub-parts. Respondent now moves to deny relief. Response (#17). Of those claims, only one was properly raised in state court - a claim that the trial court committed an "error on the face of the record" by imposing a sentence "based on facts that were not admitted by [petitioner] or found by a jury." Petition (#1) Claim #3 [petitioner's *Blakely* claim].

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and

2 - ORDER

resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); *see also*, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v.

3 - ORDER

Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

4 - ORDER

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner did not present Claims #1, #2 or Claims #4 - #7 to the Oregon courts, and may no longer do so.[1] Therefore, they are procedurally defaulted.

Petitioner has not established any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, Claims #1, #2 and #4 - #7 are not properly before the court and are denied.[2]

Petitioner alleges in Claim #3 that the trial court

---

[1] ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

[2] To the extent that petitioner's allegations in Claim #1 can be construed as intending to allege the ineffective assistance of counsel claim that petitioner raised in his PCR proceeding, it is discussed below.

5 - ORDER

committed an "error that is apparent on the fact of the record because the sentence was based on facts that were not admitted by defendant or found by a jury."

The court sentenced petitioner to a departure sentence of 120 months incarceration. Exhibit 101. In making the departure, the court relied on several factors, stating in the judgment that "any one of which would have justified the departure." These factors included: "[p]ermanent injury to the victim; [h]arm and loss significantly greater than typical; [r]epetitive assaults unrelated to current crime; [l]ack of remorse; [a]ssaults escalating in seriousness." *Id.*

Petitioner filed a notice of appeal to the Oregon Court of Appeals in May, 2003 and filed his opening brief in September, 2004, after *Blakely* issued.[3] In his opening brief, petitioner alleged a *Blakely* claim. Exhibit 104, p. 2.

The Oregon Court of Appeals vacated petitioner's sentence and remanded for resentencing, and otherwise affirmed the trial court judgment. Exhibit 106. In doing so the court

---

[3]On June 24, 2004, the United States Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), which held that the rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) - that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" - applied to the factual findings necessary to support an upward departure from mandatory state sentencing guidelines. *Blakely*, 542 U.S. 296, 303 ("statutory maximum" means the "maximum sentence a judge may impose solely on the basis of the facts reflectd in the jury verdict or admitted by the defendant.")

6 - ORDER

concluded that the trial court "palinly erred" in imposing sentence based "on facts taht were not admitted by [petitioner] or found by a jury," and exercised its discretion to correct the error. Exhibit 106, p. 1

The Oregon Supreme Court vacated the Court of Appeals decision and remanded for reconsideration in light of *State v. Rameriz* and *State v. Fults*. Exhibit 110.

On remand, the Court of Appeals affirmed the trial court's judgment, reiterating its conclusion that the trial court "plainly erred" by imposing a departure sentence, but declining to exercise its discretion to correct the error. Exhibit 114.

Petitioner filed a petition for review which the Oregon Supreme Court denied.

A claim is procedurally defaulted if the decision of a state court is based on a substantive or procedural state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 732 (1991)

As noted above, petitioner raised his *Blakely* claim as "plain error" for the first time on appeal. Ultimately, the Oregon Court of Appeals declined to exercise its discretion to correct any error, and rejected petitioner's claim based on a state procedural rule, Or. R. App. Pro. 5.45. Exhibit 114.

7 - ORDER

This decision was independent of federal law and adequate to support the judgment. *See*, Tatarinov v. Belleque, 2012 WL 487883, *5 (D. Or. Jan 17, 2012) (Hubel, M.J.), *adopted by* 2012 WL 487855 (D. Or. Hernandez, D.J.), *on appeal*, Tatarinov v. Premo, Ninth Cir. Case No. 12-35184; *see also*, Nitschke v. Belleque, 680 F.3d 1105 (9th Cir. 2012).

Based on the foregoing, I find that petitioner's *Blakely* claim was is procedurally defaulted.

Moreover, despite the fact that petitioner's rights under *Blakely* were violated, he is only entitled to relief if the trial court error was not harmless. Washington v. Recuenco, 548 U.S. 212 (2006). *Apprendi* errors are harmless when the court can ascertain that a judge was presented with sufficient documents at sentencing to enable a reviewing or sentencing court to conclude that a jury would have found the relevant fact beyond a reasonable doubt. Estrella v. Ollison, 668 F.3d 593, 599 (9th Cir. 2011).

In petitioner's case the trial court's conclusion that "all of the rationale[s], why we incarcerate people for long periods of time are present here," Trial Tr., Vol. III, 3/20/03 Sentencing Hearing, pp. 56-57) is overwhelmingly supported by the trial court record.[4] I find that there is no

---

4

It is not necessary to set forth the specific facts supporting these rationales. They can accurately be characterized as

8 - ORDER

reasonable doubt that a jury would have found that petitioner's assault caused permanent injury to the victim, the harm caused by the assault caused was significantly greater than in most second degree assaults, that petitioner lacked remorse and that petitioner was persistently involved in assaultive conduct.

Therefore, the conceded violation of petitioner's rights under *Blakely* was harmless.

In Claim #1 petitioner alleges ineffective assistance of counsel. However, petitioner has not alleged any specific factual allegations in support of his general conclusory claim that his counsel was ineffective.

Ineffective assistance of counsel claims are discreet and must be alleged separately with specificity. *See*, <u>Carriger v. Lewis</u>, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc); *see also*, <u>Mayle v. Felix</u>, 454 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition to "state facts that point to a real possibility of constitutional errors.") Therefore, petitioner's Claim #1 fails to state a claim.

If petitioner's Claim #1 is intended to assert the ineffective counsel claim he raised in his Formal PCR Petition, that "{t]rial counsel was ineffective in failing to

---

horrific.

9 - ORDER

object to and argue that Petitioner should not receive an upward departure sentence," Exhibit 119 at 2, it fails because the claim was denied by a state court decision that is entitled to deference by this court and is correct on the merits.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. <u>Id</u>.

In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003) the Supreme

10 - ORDER

Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ

11 - ORDER

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus

12 - ORDER

sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (*per curiam*), quoting <u>Lindh v. Murphey</u>, 521 U.S. 320, 333 n. 7 (1997).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable

13 - ORDER

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was

14 - ORDER

unreasonable. <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

In denying relief on petitioner's ineffective assistance of counsel claim based on counsel's failure to object to an upward departure sentence, the PCR trial court made the following finding of fact:

> This claim is not supported by evidence in the record. The claim that the departure sentence was not appropriate or legally correct was argued all the way to the State Supreme Court. The sentence has been found to be lawful by the appellate courts. No failure to make a record or argue affected this decision. There is nothing more counsel could have done or argued under the facts and circumstances of this case.

Exhibit 134 at ***

Petitioner has not submitted any clear and convincing evidence to controvert the state court factual determination and the PCR court conclusion that counsel was not ineffective for not objecting to the departure sentence wis not contrary to or an unreasonable application of *Strickland*.

Given the trial court's extensive findings explaining the basis for imposing the upward departure sentence and the fact that the sentence was upheld by the Oregon Courts, petitioner cannot establish that counsel's decision not to object to the sentence fell below an objective standard of reasonableness or that he was prejudiced by counsel's decision. See, <u>Styers v. Schriro</u>, 547 F.3d 1026, 1030 (9th Cir. 2008) (when claim of

15 - ORDER

ineffective assistance of trial counsel is based on failure to file a particular motion or take a particular action, petitioner must demonstrate that, "had counsel so moved, there is [a] reasonable probability that the motion would have been granted").

Based on all of the foregoing, petitioner's Petition (#1) is denied. The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should is denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 11th day of December, 2013.

_____
Ann Aiken
United States District Judge

16 - ORDER